UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | | |
|---|---|---|---|
| IN RE: | : | CASE NO. | 16-60015-LRC |
| | : | | |
| UNFAKABBA OUSMANI DARAMY, | : | CHAPTER | 7 |
| | : | | |
| Debtor. | : | | |
| | : | | |

## REPORT OF SALE

COMES NOW Neil C. Gordon, the Chapter 7 Trustee ("**Trustee**") of the bankruptcy estate (the "**Estate**") of Unfakabba Ousmani Daramy (the "**Debtor**") and hereby files this *Report of Sale* and shows as follows:

1. Debtor filed this petition constituting an order for relief under Title 11, Chapter 7 on June 7, 2016 (the "**Petition Date**"), initiating, Case No. 16-60015-LRC (the "**Bankruptcy Case**").

2. On the Petition Date, Trustee was appointed to the Case as the interim Chapter 7 trustee, pursuant to 11 U.S.C. § 701(a)(1).

3. Trustee conducted and concluded meeting of creditors on July 13, 2016, pursuant to 11 U.S.C. § 341(a), at which time, Trustee became the permanent Chapter 7 Trustee, pursuant to 11 U.S.C. § 702(d).

4. Pursuant to his *Schedule A – Real Property*, Debtor scheduled his sole ownership interest in that certain real property known generally as 4047 Suwanee Trail Drive, Buford, Gwinnett County, Georgia 30518 (the "**Property**").

12288939v1

5. Pursuant to his *Schedule C – The Property You Claim as Exempt*, as amended on November 16, 2016 [Doc. No. 27], Debtor claimed an exemption in the Property of $41,087.00 under O.C.G.A. § 44-13-100(a)(1) (the "**Homestead Exemption**").

6. Debtor also scheduled at $47,570.00, the arrearage for a domestic support obligation ("**DSO**"). A proof of claim was eventually filed in the amount of $49,185.51 (Claim No. 12-1). Based on the DSO claim, Debtor will not receive any Homestead Exemption.

7. Pursuant to his *Schedule D – Creditors Holding Secured Claims*, Debtor scheduled one claim against the Property in the amount of $231,041.00 on the Petition Date in favor of Wells Fargo.

8. Trustee obtained a full title examination report for the Property, dated April 18, 2018 and effective March 27, 2018 (the "**Title Report**"), which reflected a *Security Deed* in favor of Wells Fargo Bank, N.A. ("**Wells Fargo**") dated February 27, 2015 and recorded on March 16, 2015 in the original principal amount of $237,305.00 (Deed Book 53431, page 338) (the "**Original Deed**").

9. The Title Report also reflects the following post-petition transactions:

(a) A *Subordinate Security Deed* in favor of Secretary of U.S. Department of Housing and Urban Development ("**HUD**") dated November 8, 2016 and recorded December 2, 2016, in the original principal amount of $69,201.61 (Deed Book 54789, page 94) (the "**Subordinate Deed**"). (the Subordinate Deed is subordinated to the Modified Security Deed referenced hereinbelow.); and

(b) A *Home Affordable Modification Agreement (Security Deed)* ("**Modified Deed**") in favor of Wells Fargo dated November 8, 2016 and recorded January 27, 2017 in *new principal amount* of $167,296.56 (Deed Book 54896, page 264). (The Modified Deed modifies the Original Deed).

10. HUD entered into and recorded the Subordinate Deed, and Wells Fargo entered into and recorded the Modified Deed, increasing the aggregate loan balance (the "**Post-Petition Transactions**"). Wells Fargo and HUD made the Post-Petition Transactions without notifying Trustee or obtaining authority from the Bankruptcy Court. Therefore, the Post-Petition Transactions constituted willful stay violations under 11 U.S.C. § 362 and are avoidable by Trustee under 11 U.S.C. § 549.

11. Moreover, Trustee contends (and Wells Fargo disputes) that the Original Deed of Wells Fargo had only one attesting witness, which constituted a facial defect not cured by a subsequent acknowledgment, thereby providing no constructive notice to Trustee in his capacity as a *bona fide* purchaser under 11 U.S.C. § 544(a)(3). The Modified Deed and Subordinate Deed would each normally provide inquiry notice, but they were recorded post-petition and cannot be considered.

12. Based upon the foregoing, Wells Fargo's and HUD's respective interests in the Property are subject to a *bona fide* dispute pursuant to 11 U.S.C. § 363(f)(4), enabling Trustee to proceed with a sale of the Property free and clear of the liens of Wells Fargo and HUD.

13. Trustee entered into a *Purchase and Sale Agreement* for the sale of the Property to Gregory Bryant and Megan Crawford-Bryant (together, the "**Purchasers**"), "as is, where is," for a sale price of $335,900.00 (the "**Purchase Price**"), subject to Bankruptcy Court approval (the "**Contract**").

14. On April 26, 2018, Trustee filed pursuant to 11 U.S.C. § 363(b) and (f) a *Motion for Authority to (I) Sell Real Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances and (II) Disburse Certain Proceeds at Closing* [Doc. No. 44] (the "**Sale Motion**").

15. On May 23, 2018, the Court signed the *Order* [Doc. No. 52], granting the Sale Motion and approving the Contract (the "**Sale Order**").

16. On May 24, 2018, Trustee closed on the sale of the Property (the "**Closing**"), and Trustee's authorized disbursing agent made those disbursements authorized by the Sale Order.

17. A copy of the Settlement Statement from the Closing, marked as Exhibit "A," is attached hereto and incorporated herein by reference.

          Respectfully submitted,

By:*/s/ Neil C. Gordon*
    Neil C. Gordon
    State Bar No. 302387
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363-1031
Telephone: (404) 873-8596
Email: neil.gordon@agg.com
Chapter 7 Trustee

12288939v1

# EXHIBIT "A"

12288939v1

# Borrower's Settlement Statement

**Campbell & Brannon**
*Attorneys At Law*

| | |
|---|---|
| **Settlement Date:** | 05/24/2018 |
| **Disbursement Date:** | 05/24/2018 |
| **Settlement Location:** | 5565 Glenridge Connector, Suite 350, Atlanta, GA 30342 |
| **File Number:** | G180928D |
| **Lender:** | Towne Mortgage Company |
| **Loan Type:** | FHA |
| **Borrower:** | Gregory E Bryant and Megan P Crawford-Bryant<br>4047 Suwanee Trail Drive Northeast<br>Buford, GA 30518 |
| **Seller:** | Neil C. Gordon, as and only as Trustee in Bankruptcy for Estate of Unfakabba Ousmani Daramy<br>171 17th Street, NW<br>Suite 2100<br>Atlanta, GA 30363 |
| **Property location:** | 4047 Suwanee Trail Drive Northeast<br>Buford, GA 30518 |
| **Tax Parcel No:** | R7 231 281 |

| | Borrower Debit | Borrower Credit |
|---|---:|---:|
| **Financial Consideration** | | |
| Sale Price of Property | 335,900.00 | |
| Earnest Money held by Keller Williams Realty Chattahoochee North | | 7,000.00 |
| Loan Amount | | 329,815.00 |
| Seller Credit | | 6,000.00 |
| **Prorations/Adjustments** | | |
| County Taxes ($4047.89)<br>01/01/18 - 05/24/18 | | 1,585.89 |
| Prorated HOA Dues $600/yr<br>05/24/18 - 12/31/18 | 364.93 | |
| **Loan Charges**           2,971.49 | | |
| Lender Credits | | 4,255.01 |
| Underwriting | 995.00 | |
| Processing | 550.00 | |
| Flood Cert | 9.00 | |
| MIP | 5,672.50 | |
| **Loan Charges**           142.23 | | |
| Broker Compensation<br>$6,596.30 paid by Towne Mortgage Company on behalf of Borrower | | |
| Appraisal<br>$650.00 paid outside closing by Borrower | | |
| Credit | 142.23 | |
| **Prepaid Charges** | | |
| Prepaid Interest<br>$46.30964 per day from 05/24/18 to 06/01/18<br>Towne Mortgage Company | 370.48 | |
| Homeowner's Insurance Premium to Country Mutual Ins. Co.<br>12 month | 1,400.65 | |
| Impound/Escrow/Reserve Account (See Initial Escrow Disclosure) | 3,139.76 | |
| **Title & Settlement Charges** | | |
| Title - Doc. Prep/Binder Fee to Campbell & Brannon, LLC | 75.00 | |
| Title - Closing Fee to Campbell & Brannon, LLC | 775.00 | |
| Title - Title Exam to Intown Title | 200.00 | |
| Title - CPL Fee to Old Republic National Title Insurance Company | 45.00 | |
| Title - Lender's Title Insurance to Campbell & Brannon, LLC/Old Republic<br>OR-GA-Expanded Simultaneous Issue Policy<br>Coverage: 329,815.00           873.40 | 873.40 | |
| Title - Owner's Title Insurance to Campbell & Brannon, LLC/Old Republic<br>OR-GA-Expanded Simultaneous Issue Policy<br>Coverage: 335,900.00           758.08 | 758.08 | |
| **Recording/State Charges** | | |
| Recording Fees to Gwinnett County Clerk of Court | 80.00 | |

## Borrower's Settlement Statement

|  | Borrower Debit | Borrower Credit |
|---|---|---|
| **Recording/State Charges (continued)** | | |
| GRMA to Towne Mortgage Company | 10.00 | |
| Intangible Tax to Gwinnett County Clerk of Court | 990.00 | |
| Transfer Tax to Gwinnett County Clerk of Court | 335.90 | |
| **HOA Charges** | | |
| HOA New owner package and amenity card to Association Management Advisory Group | 50.00 | |
| **Subtotals** | 352,736.93 | 348,655.90 |
| **Balance Due FROM Borrower** | | 4,081.03 |

## **CERTIFICATE OF SERVICE**

This is to certify that I have mailed a copy of the *Report of Sale* by depositing same in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

This 31st day of May, 2018.

By:*/s/ Neil C. Gordon*
    Neil C. Gordon
    State Bar No. 302387

12288939v1